IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID C. DETWILER, | § | |
| | § | No. 184, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 1407000434 (S) |
| Appellee. | § | |

Submitted: July 7, 2021
Decided: July 12, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After careful consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1)     On June 7, 2021, the appellant, David Detwiler, filed a notice of appeal from his 2015 criminal conviction and sentence for terroristic threatening.  The Superior Court sentenced Detwiler on September 24, 2015.  Under Supreme Court Rule 6, a timely notice of appeal should have been filed within thirty days of Detwiler's sentencing.[1]

---

[1] Del. Supr. Ct. R. 6(a)(iii).

(2)     On June 8, 2021, the Senior Court Clerk issued a notice directing Detwiler to show cause why his appeal should not be dismissed as untimely filed. In his response to the notice to show cause, Detwiler asserts that the sentencing judge intended to waive the thirty-day period for filing an appeal.

(3)     At the Court's request, the State filed an answer to Detwiler's response to the notice to show cause.  The State attached to its response the Superior Court sentencing order, which contains the notation: "Court waives requirement of three (3) month request for modification of sentence [under Superior Court Criminal Rule 35(b)]."  It is clear that Detwiler is aware that this waiver applied to motions to modify because he, in fact, filed a motion to modify outside of the 90-day prescribed time frame and cited the Superior Court's sentencing order in support of his otherwise untimely application.

(4)     The time period within which to file a notice of appeal is jurisdictional and thus mandatory.[2]  Under Delaware law, the jurisdictional defect that was created by the untimely appeal cannot be excused unless the appellant can demonstrate that the delay in filing his appeal was attributable to court-related personnel.[3]  Detwiler does not allege, and the record does not reflect, that Detwiler's failure to timely file his notice of appeal is attributable to court-related personnel.  Moreover, the Superior

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

2

Court cannot waive issues regarding appellate jurisdiction,[4] and a careful reading of the Superior Court's sentencing order makes it clear that the Superior Court did not intend to do so in the first place. Therefore, Detwiler's appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[4] *See Branch Banking and Trust Co. v. Eid*, 114 A.3d 955, 959 (Del. 2015) (holding that parties cannot waive issues regarding appellate jurisdiction and cannot confer jurisdiction on this Court by agreement).